BETZ-LEVY-MAIER, INC., v. BORNWASSER

(March 24, 1930. Opinion and Decree.)

670

Paul H. Maloney, of New Orleans, attorney for plaintiff, appellee.

Rudolph O. Vorbusch, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. Plaintiff, a real estate broker, sues defendant for the sum of $480 commission and 25 per cent additional, as attorneys' fees, alleged to have been earned under the provisions of a written contract between the parties dated January 4, 1928.

Defendant denied liability and alleged that the contract was voluntarily canceled on May 4 or 5, 1928, and that on May 11, 1928, he verbally agreed to sell the property to one Jacob Seelig who made an application to the homestead for a loan to finance the purchase on the same day and that the sale was effected on May 23, 1928, for the sum of $11,000. Defendant further pleaded that the contract was entered into with the commercial co-partnership of Betz & Maier and not with the plaintiff.

There was judgment in favor of plaintiff as prayed for, and defendant has appealed.

The pertinent part of the written contract reads as follows:

"I employ you or your successors, exclusively to sell same for $12,000.00 cash, or on the following terms: or for any other price, or terms hereafter agreed upon, and I agree to pay you or your successors, a commission at the regular rate of four per cent on the gross amount of any agreement to sell or exchange bearing on said property made during the existence of this contract, or on the gross amount of any such agreement made within forty-five days after the expiration or termination of this contract, with anyone to whom said property has been quoted, during the term of this contract.

"I give you exclusive authority, to accept a non-interest bearing deposit of ten per cent of the sale price, when satisfactory offer to purchase said property is made, and to place said deposit in any bank you may select without responsibility on your part in case of failure to suspension of said bank pending settlement with me, out of which deposit you may deduct your commission as above. In case of employment of counsel to enforce this contract, I will pay twenty-five per cent additional as attorney's fees, also all costs.

"As you are to act upon the faith of this employment and contract, it is to remain in full force and effect for a period of six months.

"I agree to refer all applicants to you, and not to interfere in the sale of said property, during the term of this contract."

The record shows that the plaintiff is the successor of Betz & Maier, and that a bona fide effort was made to sell the property by advertising it through the newspapers in the city of New Orleans. He produced a prospect in February, 1928, who was willing to pay the sum of $11,000, but defendant insisted on $11,250, with the result that the negotiations were broken off.

On the issue as to what date the contract was canceled, the plaintiff's evidence consisted of testimony of Mr. Maier, one of the officers of the corporation, and Mrs. McCarthy, a stenographer, who state positively that the contract was marked canceled, and returned on May 12th, upon the representation of the defendant that he had decided not to sell the property and was going to make certain repairs which the tenants in the apartments requested in order that their leases might be renewed. These witnesses testified that the defendant agreed to renew the contract to sell the property after the improvements were made. The only evidence produced by the defendant on this issue is his own testimony, and he frankly admits that he is not positive of the exact date that the contract was canceled and returned to him but be-

lieves it was on May 4th or 5th. He denies having made any misrepresentations in order to secure the cancellation of the contract, and that he had agreed to renew it.

We are of the opinion that the contract was marked canceled, and returned on May 12, 1928. The records of the homestead show that application was made by the purchaser of the property on May 11, 1928, so that at the time defendant requested the return of his contract he was negotiating with the purchaser of the property to sell it to him. While the contract of sale between the defendant and the purchaser was verbal, nevertheless title was passed on May 23, 1928, and, therefore, while the contract was still in force and effect, provided its cancellation was illegally obtained.

The contract specifically provides that the defendant, as owner, would refer all applicants to purchase the property to the agent. Defendant failed to comply with this provision of the contract when he began the negotiations for the sale of the property on May 11, 1928. We are quite certain that if defendant had informed plaintiff that these negotiations were taking place that the plaintiff would not have canceled the contract and returned it to the defendant. We find that the contract was canceled through misrepresentation.

This court held in the case of Harvey vs. Sehrt, 126 So. 568, decided March 10th, 1930, that:

"This court has held that a real estate broker who is given an exclusive right to sell property is entitled to a commission on the sale thereof, made by the principal independently and without the aid of the broker within the time specified in the contract of employment, where the agent has carried out his part of the contract in endeavoring to sell the property. Harvey v. Hirsch, No. 7518 Orleans App., see Louisiana and Southern Digest; Freeman v. Diboll, 11 Orl. App. 199; Kostmayer v. Landry, 12 Orl. App. 385."

As only issues of fact are involved and the judge a quo decided these issues in favor of the plaintiff a careful reading of the record fails to convince us that there is any manifest error.

The contract contains the express stipulation that the defendant would pay Betz & Maier as real estate brokers or their successors a commission of 4 per cent. The evidence shows that the plaintiff is the successor of Betz & Maier and, therefore, has the right to bring this suit.

There is one slight error in the judgment, the judgment of the lower court allowed interest from May 11, 1928, whereas the act of sale did not take place until May 23, 1928, and the interest should begin from that date, the commission being due from that date as no deposit was made by the purchaser. Succession of Kerry vs. Freed Realty Co., 6 La. App. 437; Page vs. Russell, 7 La. App. 129; C. C. arts. 1940, 2922, and 2924.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is amended by allowing legal interest at the rate of 5 per cent from May 23, 1928, until paid and as thus amended is affirmed. Appellant to pay all costs.