No. 3564

Second Circuit

----

GREEN v. JOHNSON
(ETTA N. JOHNSON, Substituted as Defendant)

----

(July 5, 1930. Opinion and Decree.)

----

Parsons & Colvin, of Mansfield, attorneys for plaintiff, appellee.

S. M. Atkinson, of Mansfield, attorney for defendant, appellant.

DREW, J. Plaintiff, Hannah V. Green, sued defendant, H. N. Johnson, for the return of $400 advanced or loaned him under the following contract:

"This agreement, made and entered into this the 1st day of October, 1923, by and between the De Soto Oil and Development Company, of Mansfield, Louisiana, party of the first part (by H. N. Johnson, Secretary-Manager) and Hannah Green, of Rosedale, Louisiana, party of the second part:

"Witnesseth: That for and in consideration of the sum of Four hundred ($400.00) Dollars, cash by check, the receipt of which is hereby acknowledged, the said Hannah Green, party of the second part, is to be director in the De Soto Oil and Development Company and to share in the net receipts of said company, not exceeding two per cent. of its monthly collections, to be paid to her not later than the 10th day of each month, beginning with the month of November, 1923, and ten per cent. per annum on the amount of principal herein invested. The ten per cent. is interest on the principal payable semi-annually on the 1st day of April, 1924, and the first day of October, 1924.

"The said Hannah Green, party of the second part, is to be active in promoting the sale of the company's Oil Park lots and to receive a cash commission of twenty per cent. on the sale of each lot sold by her.

"The De Soto Oil and Development Company (H. N. Johnson, Secretary-Manager) party of the first part, contracts and agrees with Hannah Green, party of the second part, to return the principal herein invested after thirty days notice and on the 1st day of October, 1924. If the party of the second part, after October 1st, 1924, decides to remain with the De Soto Oil and Development Company, he is to share in the future success and developments of said company, with his principal held intact to be withdrawn at the end of the year as herein contracted.

"Witnessed the hands of the parties hereunto this 1st day of October, 1923. The De Soto Oil and Development Company (H. N. Johnson, Secretary-Manager). [Signed] The De Soto Oil and Development Company, By H. N. Johnson, Party of the first part.

"Hannah V. Green, Party of the second part.

"Witnesses: Alice B. Farris."

Plaintiff alleges that H. N. Johnson is the sole owner of the said De Soto Oil & Development Company, and that same is only a trade-name; that she had repeatedly demanded the return of her $400 under the contract; and that H. N. Johnson had repeatedly promised to return her her money, but had failed to do so. She asks that her rights to an accounting and for sums due her, other than the $400, under the contract, be reserved to her.

The answer admits the contract, and alleges that defendant received only $360 from the plaintiff; that he has since that time returned to her over $500; and that he owes her nothing. And he alleges, in the alternative, that if judgment should be rendered against him it should not bear any interest, for the reason that the interest rate of 10 per cent. stipulated is usurious, and that therefore plaintiff should lose all interest on the money.

There was judgment in the lower court in favor of plaintiff and against defendant for the sum of $400 with interest at the rate of 5 per cent. per annum from October 1, 1924, until paid.

From this judgment defendant has appealed.

The case, with exception of the interest to be allowed, presents only a question of fact, which, we think, the lower court has decided correctly.

Defendant, by the written contract, expressly admits receiving $400 from plaintiff, and there being no allegation of error or fraud, the lower court properly held that defendant could not vary or change the written acknowledgment of receipt of the money. However, defendant 'on numerous occasions, by his own testimony, admitted that he had received $400 from plaintiff. His main defense is that he had returned to her more than the $400 by giving same to her agent, Taylor, to pay for a car for her. The evidence does not bear him out in this respect. The testimony conclusively shows that Taylor was the agent of defendant and that plaintiff did not own a car and never owned one, and any payments made to Taylor by defendant were not made to plaintiff and she is not in any way responsible. It is well to say that although the case was held open for several days for defendant to produce Taylor and take his testimony, his testimony was never taken.

Defendant admitted, and letters filed in evidence show that he admitted, owing plaintiff $400 as late as 1927, and that he promised to pay same. He promised to pay the money to Charles M. Roberson, who was handling the claim for plaintiff, and also promised to pay it by letter to the plaintiff herself.

The law of this state is that an agreement to pay a greater rate of interest than that allowed by law to be contracted for (which is fixed at 8 per cent. per annum) makes that part of the contract null and void, and produces no legal effect between the parties contracting, and is the same as if no agreement had been entered into relative to interest. However, when there is no stipulation to pay interest on a debt, it bears interest at the rate of 5 per cent. per annum from the time it becomes due. Tarver vs. Winn, 18 La. Ann. 557; Page & Son vs. Russell, 7 La. App. 129.

The debt in this case became due on October 1, 1924, and must be treated as if there had been no agreement as to interest. Therefore plaintiff is entitled to the legal rate of interest from the due date of the debt.

The judgment of the lower court is correct and must be affirmed. However, since the trial of this case in the lower court, the defendant has died and his widow, Etta N. Johnson, has been recognized as his sole heir at law and put in possession of the property of the deceased defendant. She has petitioned this court to be substituted as party defendant and to be allowed to defend this suit and stand in judgment therein, which has been allowed her by this court.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, and that Etta N. Johnson be substituted as defendant for the deceased H. N. Johnson.

Costs of appeal to be paid by defendant, appellant.