McBRIDE, Judge.
Plaintiff sues on a promissory note which was executed by defendants under the following circumstances. The parties entered into a written contract whereunder plaintiff undertook to furnish certain materials and perform certain plumbing work to defendants’ premises No. 2301 Lizardi Street, corner of Tonti Street, for the price and sum of $900. Defendants paid $300 on account of the contract price when the roughing-in work was completed, and the note sued on was given by defendants for the balance. The principal amount thereof is $689.88, which represents the balance of $600 on the contract price, plus capitalized interest of $89.88. Nothing was paid on the note and plaintiff now prays for a judgment for the principal amount, together with a penalty of $5 on each past due installment, and for 15 per cent attorney’s fees on both the principal and penalties.
Defendants admit signing the note, and their defense is that plaintiff was guilty of breach of contract and “the consideration for which the note was given no longer exists.” We consider this to be a plea of want or failure of consideration. Defendants then set forth that in five specific details (which need no enumeration here) plaintiff did not fulfill his contract and they owe him nothing on the note.
Plaintiff recovered judgment for $246 in the court below and he has taken this appeal.
We are dealing with a very confused record, and it is as difficult to understand some of the details of the plumbing contract as it is to comprehend the exact nature of defendants’ complaints. In addition, we are at a complete loss to understand how the trial judge arrived at the amount of the judgment.
However, after a painstaking analysis of the evidence, we conclude that while there has been a partial failure of consideration, as the trial judge undoubtedly found, still plaintiff is entitled to an increase in the amount awarded him.
The evidence shows that one of the items of work the contract contemplated was the installation of a water line, the cost of which was calculated to be $35. This water line was never installed in the premises by plaintiff. Nor did he install two hose bibs, the cost of which is admitted to be $16.
Defendants’ property is located in a section of New Orleans which, at the time the contract was entered into, had no public sewerage system and the residents of the vicinity were relegated to the use of septic tanks. It seems that plaintiff, for and on behalf of defendants, endeavored to secure the consent of the Sewerage & Water Board, which had jurisdiction of such matters, to connect defendants’ property with the sewerage system serving a schoolhouse located on Tonti Street, but the Board refused to grant permission for this to be done. Plaintiff, after negotiating with defendants and two other householders, entered into an agreement with them to lay a private sewer line on Lizardi Street with the idea in view of connecting therewith the premises of the persons for whom the private line had been constructed. Plaintiff’s testimony is that the cost of such private sewer line is from “$900 to $1,000” which was to be prorated among the owners of the three properties. The written contract between plaintiff and defendants, involved in the present suit, embraced defendants’ share of the cost of this private sewer line and the connection of their line thereto.
Just about the time plaintiff was about to complete the construction of the private sewer line, the Sewerage & Water Board, in a manner not clearly shown by the record, enlarged or made some sort of addition to the sewer line of the schoolhouse on Tonti Street, and plaintiff’s son, who was then engaged in performing the contract work at defendants’ premises, was informed by a representative of thfe Board that there was no objection to connecting defendants’ *689 line with the sewer line of the schoolhouse. Plaintiff’s son then abandoned any thought of connecting defendants’ premises with the private sewer line on Lizardi Street and, without consulting defendants, took it upon himself to connect their line with the sewer system of the schoolhouse on Tonti Street.
Plaintiff, during the course of the trial in the lower court, voluntarily credited defendants’ account with the sum of $100 because of the above-mentioned deviation from the contract, but we -believe this credit is inadequate, and in all fairness defendants should have an allowance of the sum of $300. The private sewer line was to cost between “$900 and $1,000”'and defendants’ pro rata share thereof was one-third. Whereas plaintiff’s agent, his son, disregarded the contract provisions and did not connect defendants’ premises to the line on Lizardi Street, we can think of no reason why defendants should pay their proportionate cost thereof. The private line was of no benefit to them. It appears it would have required about 70 feet of pipe to connect onto the private line, whereas only 15 feet were necessary in making the connection on Tonti Street, and plaintiff is amply compensated for the laying of this 15 feet of pipe.
Therefore, defendants should be given an aggregate credit or offset of $351 against their note, which leaves a principal balance due of $338.88. No issue is made as to the $89.88, which apparently was the capitalized interest included in the principal of the note, and plaintiff is entitled to recover such balance, together with legal interest from judicial demand until paid. Where the consideration of a note partially fails and the amount of the failure is liquidated or can be definitely ascertained by computation, such partial failure should be allowed pro tanto against the note. 10 C.J. S. Bills and Notes § 523, p. 1150. He is also entitled to 15 per cent attorney’s fees as per the stipulation in the note.
 But there can be no recovery of “late” charges. The note, payable in 36 monthly installments of $19.16, provides that the makers “promise to pay a late charge of five cents for each $1.00 (maximum $5.00) of each installment more than fifteen (15) days in arrears.” In other words, the makers agreed to pay a penalty of 96$ on each unpaid installment, which penalty by the terms of the note became due on the sixteenth day after the maturity date of each. This amounts to a stipulation for interest at a rate which exceeds 8 per cent per annum, the highest conventional rate which our law allows. LSA-C.C. arts. 1935 and 2924. Any agreement to pay a greater interest rate than 8 per cent per annum is null and void. Green v. Johnson, 14 La.App. 110, 129 So. 384.
For the reasons assigned, the judgment is amended so as to increase the amount thereof to $338.88, with legal interest from judicial demand until paid, together with 15 per cent attorney’s fees, and as thus amended and in all other respects, the judgment is affirmed. Defendants-appellees are cast for the costs of this appeal.
Amended and affirmed.