Argued May 18, remanded September 17, 1979

# FOSTER,
*Appellant,*
v.
# PETERSON,
*Respondent.*

## (No. 21842, CA 12449)

600 P2d 490

Vernon W. Robinson, Bend, argued the cause and filed a brief for appellant.

Paul R. Unger, Redmond, argued the cause for respondent. With him on the brief was Bryant, Erickson, Jaqua & Bischof, Redmond.

Before Schwab, Chief Judge, and Tanzer, Richardson, and Roberts, Judges, and Peterson, Judge Pro Tempore.

PETERSON, J., Pro Tempore.

**PETERSON, J.,** Pro Tempore.

Plaintiff, a licensed real estate broker, brought this action to recover a broker's fee allegedly owing under an exclusive listing agreement covering the period July 23, 1976, through January 24, 1977. The listing price was $89,950, and defendant agreed to pay plaintiff 10% of the selling price as a commission for his services. The agreement contained this clause:

> "THIS IS AN EXCLUSIVE LISTING and you hereby are granted the absolute, sole and exclusive right to sell or exchange the said described property. In the event of any sale, by me or any other person, or of exchange or conveyance or lease of said property, or any part thereof, during the term of your exclusive employment, or in case I withdraw the authority hereby given prior to expiration date, I agree to pay you the said commission just the same as if a sale had actually been consummated by you."

Plaintiff established a file, advertised the property, listed the property with a multiple listing service, and presented a prospective purchaser whose offer was too low to interest defendant. During November, 1976, defendant sold the property on his own to a third party for the sum of $81,000. Plaintiff's complaint demanded payment of $8,995 as a commission.

The trial court, sitting without a jury, found that defendant had breached the employment contract by selling the tavern during the period of exclusive listing. However, the trial court refused to enforce the provision for payment of a full commission on sale by defendant because the court viewed it as a penalty rather than a valid liquidated damages provision, citing *Wright v. Schutt Construction*, 262 Or 619, 500 P2d 1045 (1972). The trial court awarded plaintiff judgment against defendant in the sum of $338, apparently as compensation for the amounts plaintiff actually expended in attempting to sell the property, and costs and disbursements.

Plaintiff appeals, contending that the trial court erred in holding the stipulated sum to be a penalty

rather than a valid liquidated damages provision. Plaintiff relies primarily on *Dean Vincent v. Chef Joe's*, 273 Or 814, 541 P2d 469 (1975).

In *Wright v. Schutt Construction, supra,* plaintiff broker had an exclusive listing agreement to sell the property in question at a price which would net defendant owner $200,000. Plaintiff was to receive a 10% commission. The agreement provided that if the owner withdrew the authority to sell during the term of the contract the owner would pay plaintiff the same commission plaintiff was to receive if he sold the property. Defendant terminated the agreement prior to its expiration date. Plaintiff's complaint requested payment of $20,000 as a commission. The trial court held that plaintiff could not recover the stipulated commission because plaintiff did not prove that he would have been able to sell the property for the asking price so as to earn his commission, and, therefore, use of the prospective commission as a measure of damages was speculative. The trial court awarded nominal damages because of the breach of the agreement.

On appeal, the Supreme Court affirmed on the ground that the provision for payment of a full commission constituted a penalty. The Supreme Court cited 1 Restatement 552, Contracts § 339(1) as the rule which must be met before a contract provision will amount to a valid and enforceable provision for liquidated damages. That section states:

> "An agreement, made in advance of breach, fixing the damages therefor, is not enforceable as a contract and does not affect the damages recoverable for the breach, unless
>
> "(a) the amount so fixed is a reasonable forecast of just compensation for the harm that is caused by the breach, and
>
> "(b) the harm that is caused by the breach is one that is incapable or very difficult of accurate estimation."

Applying these rules to the facts of the case before it, the court concluded that the trial judge did not err in finding that the payment of a commission of 10% of a purchase price of $200,000 net to defendant was not a reasonable forecast of just compensation for the harm caused by the breach because there was evidence (1) that the property was priced too high for the market and that no prospective purchaser had come forward offering anything near the asking price, and (2) that in all probability plaintiff would have suffered no damages in any amount from the wrongful termination of the listing agreement since he could never have made the required sale. *Id.* at 631, 632.

*Wright v. Schutt Construction, supra,* must be read in light of a later decision, *Dean Vincent v. Chef Joe's, supra.* In *Chef Joe's* defendant had entered into a 90-day exclusive listing agreement with plaintiff on May 15 which contained similar provisions to these in the case at bar. Defendant set $110,000 as the minimum acceptable price and promised plaintiff a commission of $10,000. Plaintiff advertised and made other attempts to make a sale. On June 21 defendant entered into an earnest money agreement with a buyer procured by another broker in which defendant agreed to sell for $125,000. After the 90-day period had expired, defendant entered into a contract of sale with the other party pursuant to the earnest money agreement. Defendant paid the second broker a commission of $12,500. Plaintiff sued for its commission and prevailed in the trial court. Defendant appealed, contending that the clause requiring defendant to pay plaintiff its commission if the property sold during the exclusive period constituted a penalty under *Wright v. Schutt Construction, supra.*

The Supreme Court rejected defendant's reading of *Wright,* noting that it had expressly held there that such provisions for commissions were not necessarily under all circumstances unenforceable as penalties. 273 Or at 819. The court interpreted *Wright* to mean

that the provision there was unenforceable because the chances were nonexistent that plaintiff would have sold the property for a net of $200,000 for the owner, that such a price was unreasonable (*Id.* at 820), and that the provision for payment of a commission based upon a net sales price of $200,000 was not a genuine pre-estimate of the injury or a sum that was fixed as the equivalent of the injury which would probably be caused by the breach of contract. *Id.*

The court concluded that the evidence supported the conclusion that the provision for the payment of the commission was not a penalty. 273 Or at 820.

The facts of this case more closely resemble those present in *Dean Vincent v. Chef Joe's, supra,* than *Wright v. Schutt Construction, supra.* The event precipitating the action was a sale of the property, not a mere withdrawal of authority to sell. The sale occurred during the listing period. The agreement set the commission at 10% of a sale price of $89,950. Defendant found a purchaser at $81,000. Since defendant was able to find a buyer at a price substantially equivalent to the list price in the agreement, the record shows that the property was not overpriced and prospective buyers were available. Plaintiff's chances of finding a satisfactory buyer cannot be described as speculative or remote.

In light of *Wright v. Schutt Construction,* 262 Or 619, 500 P2d 1045 (1972); *Dean Vincent v. Chef Joe's, supra; Dean Vincent v. McDonough,* 281 Or 239, 574 P2d 1096 (1978); and *Layton Manufacturing v. Dulien Steel,* 277 Or 343, 560 P2d 1058 (1977), this case should be remanded to the trial court for further proceedings consistent with this opinion. A brief analysis of these four cases is appropriate.

*Wright v. Schutt.*

This case was tried to the court, without a jury. The trial court "held that the provision for payment of a full commission on withdrawal of authority to sell was

a penalty and refused to enforce it * * *." 262 Or at 621. In affirming the lower court, the Supreme Court held "that under the facts of this case this contract provision was a penalty." 262 Or at 633.

*Dean Vincent v. Chef Joe's.*

In this case, the trial court was also the trier of fact. In affirming the ruling of the lower court, which enforced the liquidated damage clause, the Supreme Court opined (273 Or at 820):

> "In the present case the evidence supports the opposite conclusion. * * *
>
> *Under the evidence in this case* the provision for the payment of a commission was not a penalty provision." (Emphasis added.)

*Layton Manufacturing v. Dulien Steel.*

In this case, the plaintiff sought liquidated damages. The defendant affirmatively alleged that the liquidated damage provision was unenforceable as a penalty.

The Supreme Court held (277 Or at 346):

> "* * * Whether a contract provision is essentially designed to operate as a penalty *is a question of law to be decided by the court.*"[1] (Emphasis added.)

Justice Lent, concurring, stated (277 Or at 356) that a liquidated damage clause should be treated as prima facie evidence of damages for breach, giving rise to a presumption in favor of the plaintiff that the amount computed under the liquidated damages clause is the proper recovery.

*Dean Vincent, Inc. v. McDonough.*

The principal significance of *Dean Vincent, Inc. v. McDonough,* and the proposition for which it is often cited, is that

> "* * * in the absence of proof of oppression or 'adhesive' circumstances, the defendant should have

---

[1] Citing *Medak v. Hekimian,* 241 Or 38, 44, 404 P2d 203 (1965).

the burden to both plead and prove that such a contract provision is invalid for failure to satisfy the two requirements of the rule as stated in Restatement of Contracts § 339 * * *." 281 Or at 249.

But *Dean Vincent, Inc. v. McDonough, supra,* is particularly significant to the case at bar for another reason. *McDonough* also involved a claim by a realtor for his commission, but the case was tried to a jury. The defendant had withdrawn the realtor's authority to sell, and the plaintiff sued for his commission, pursuant to a provision of the agreement requiring payment of the commission "if the Owner during the period of this contract withdraws the authority hereby given * * *."

At the conclusion of the evidence, the plaintiff moved for a directed verdict, claiming that it was entitled to judgment, as a matter of law, under the clause quoted above. This motion was denied by the trial judge, who thereafter submitted the case to the jury under appropriate instructions to determine whether the requirements of Restatement of Contracts § 339(1) had been met.

The jury returned a verdict for the plaintiff, but for only $250, which represented only the actual damages sustained by the plaintiff realtor. The jury obviously found against the plaintiff on the claim for recovery of liquidated damages.

The plaintiff appealed, claiming it was entitled to recover, as a matter of law, because of the owner's breach of the listing agreement. The Supreme Court affirmed, stating that there was adequate evidence to support the jury verdict on both the Restatement requirements.

Of particular relevance to the case at bar is the concurring opinion of Justice Lent, in which Justice Lent stated (281 Or at 252):

"One other matter deserves attention with respect to our decision today. Both in *Medak v. Hekimian,*

[256]

241 Or 38, 404 P2d 203 (1965) and in *Layton Manufacturing v. Dulien Steel, supra*, we stated that whether the contractual provision is designed to operate as a penalty is a question 'of law' for decision of the court. If that were actually true, we should have no need to concern ourselves with assignment of the burden of proof (risk of non-persuasion of the trier of fact). The statement is true only in the sense that the judge tells the jury the legal effect of the establishment (or want thereof) of the two *factual* elements whether as described in Restatement of Contracts § 339(1) or in *Layton Manufacturing v. Dulien Steel, supra*, as did the trial judge in this case. I believe, therefore, the court should discard the concept that we are dealing with a question of law rather than of fact."

As to this observation of Justice Lent, Justice Tongue (who wrote the majority opinion) stated (n. 7, 281 Or at 249):

"The concurring opinion contends that * * * this court should discard the concept that the question 'whether a contractual provision is designed to operate as a penalty is a question "of law" for decision of the court.' We do not necessarily disagree with these contentions. Because, however, no such contentions were made in this case we do not believe that this is an appropriate case to decide these questions."

We believe that the cases cited above, considered together, compel these conclusions:

■  1.  The requirements of Restatement of Contracts § 339(1) must be met before a liquidated damage clause will be enforced.

■  2.  After the execution of the contract has been established by competent evidence, the owner has the burden of proving the invalidity of the liquidated damage clause for failure to satisfy the two requirements of Restatement of Contracts § 339(1).

■  3.  The proposition that the determination of whether a contract provision is a penalty is necessarily a question of law for the court is dictum. We expect

that this issue is to be determined in the same way as in other areas of the law: If the facts are undisputed, and reasonable minds cannot disagree as to the conclusion to be drawn from the facts, the question is one of law for judicial determination. Otherwise, the trier of fact usually makes such determinations. *Young v. Crown Zellerbach Corp.*, 244 Or 251, 259, 417 P2d 394 (1966); *Kraxberger v. Rogers*, 231 Or 440, 451, 373 P2d 647 (1962).

■ The trial court apparently determined, as a matter of law, that the contract provision constituted a penalty. In so doing, the trial court erred. We therefore remand this case with instructions to the trial court to decide, upon the record, whether the liquidated damage clause is or is not enforceable, as a question of fact; and thereafter, for entry of a final judgment, based upon appropriate findings of fact and conclusions of law.