HARVEY v. SEHRT

——

(March 10, 1930. Opinion and Decree.)

——

Woodville & Woodville, of New Orleans, attorneys for plaintiff, appellee.

Louis E. Jung, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. This is a suit by a real estate agent and broker to recover the sum of $196 alleged to have been earned as commission under a written contract dated October 3, 1928, and also 25 per cent additional as attorney's fees as provided in the contract. Defendant admits the execution of the contract, but denies liability on the following grounds, to-wit:

First, that the contract had been canceled in accordance with its provisions at the time the sale was effected.

Second, that the plaintiff did not render any service in securing the purchaser, as the sale was consummated solely through the efforts of the defendant, the owner of the property.

Third, that the contract contained a potestative condition, and was therefore unenforceable.

There was judgment in favor of the plaintiff as prayed for, and defendant has appealed.

The record shows that a written contract was entered into between plaintiff as a real estate agent and broker, and defendant as owner of the property, on October 3, 1928, whereby the property was listed for sale, defendant agreeing to pay 4 per cent commission and 25 per cent additional as attorney's fees for collection of the commission. The contract is for an indefinite period of time, and contains these provisions:

"I give my agent sole control of same from date, and to put up signs; and further agree not to interfere with sale of said property during the term of this contract. I further bind myself to refer all applicants for the purchase of this property to my agent. I will notify my agent in writing and give him one hundred and eighty days notice if I desire this contract discontinued. If this property is sold within one hundred and eighty days after the termination of this contract to any person whom S. A. Harvey may have submitted the property directly or indirectly, while the contract was in force, the commission or difference in price shall be paid S. A. Harvey no matter by whom said sale is made."

The record shows that the plaintiff advertised the property for sale in the newspapers in the city of New Orleans and placed a for sale sign on it and interviewed a number of prospects but was unable to secure a purchaser. On June 21, 1929, defendant in writing notified plaintiff that the contract was canceled in accordance with the provisions requiring written notice to discontinue the contract.

On July 18, 1929, defendant obtained a purchaser for the property and sold it to him on July 31, 1929. The purchaser was secured solely by the defendant, and the plaintiff had never interviewed him as to the property.

It is to be noted that the contract provides that the agent was given sole control of the property from date of the contract until it was canceled, and the owner agreed to refer all applicants for purchase of the property to the agent during the term of the contract and not interfere with its sale. Now when the agent received the written notice in the form of a letter dated June 21, 1929, from the defendant, the contract was not canceled and revoked by virtue of this letter, but under the express terms of the contract continued in effect for 180 days thereafter. Within this period of time the defendant sold the property and thereby put it beyond his control and power to convey the property to any one whom the plaintiff, as agent, might have secured as a purchaser to buy it. He thereby interfered with plaintiff in selling the property. Under such circumstances, was it incumbent upon the plaintiff to make further efforts to secure a purchaser when the defendant had placed himself in a position where he would be unable to convey title to any purchaser whom the plaintiff might secure? We think not.

This court has held that a real estate broker who is given an exclusive right to sell property is entitled to a commission on the sale thereof, made by the principal independently and without the aid of the broker within the time specified in the contract of employment, where the agent has carried out his part of the contract in endeavoring to sell the property. Harvey vs. Hirsch, No. 7518 Orleans App. see Louisiana Southern Digest; Freeman vs. Diboll, 11 Orl. App. 199; Kostmayer vs. Landry, 12 Orl. App. 385.

The Supreme Court, in the case of Fowler vs. Phillips, 159 La. 668, 106 So. 26,

27, held that the contract between the owner and the real estate broker was a mandate, and therefore revocable at any time by the owner as principal, and that if the real estate agent in disobedience to a written notice revoking the mandate secured a purchaser within the time that the contract was still in force and effect, the prospective purchaser could not enforce specific performance of the contract. But in speaking of the right of the real estate agent to recover his commission the court said:

"* * * We pretermit also the question whether or not the defendants, by withdrawing their property from sale without 30 days' written notice provided for in their contract with the real estate agents, thus making it impossible for said agents to effect a sale, did not thereby at once become liable to said agents for their commission (as to which see Rightor v. Aleman, 4 Rob. 45, and Tomlinson v. Allen (152 La. 41, 92 So. 727), supra, wherein this court said: 'If the principal should refuse to conclude the sale and convey the property, the prospective purchaser cannot complain, though it well may be that the agent, as a result, may be entitled to his commission.' See, also, R. C. C. art. 2040 (2035), as explained by Porter, J., in Walls v. Smith, 3 La. 499)."

While the court did not decide the issue presented here, nevertheless the dicta is strong indication of what the Supreme Court would have done under circumstances as in the present case.

We do not believe that the provision in the contract to the effect that if the property were sold within 180 days after the termination of the contract, to any person to whom the real estate agent may have submitted the property while the contract was in force and effect, the commission would be due, can relieve the defendant of liability, because the period of time referred to by that provision is the 180 days after the termination of the contract. If the sale in question had taken place during that period and the real estate broker had not quoted the property directly or indirectly to the purchaser, then it is clear that the real estate agent could not recover any commission. However, that clause is not applicable in view of the fact that the contract was still in legal existence.

Counsel for defendant contends that the provision in the contract that the property would be sold "for the price and sum of Sixty-Five Hundred Dollars, Cash or Homestead Plan" is a potestative condition, and therefore the contract is unenforceable. The contract sued upon is a contract between the agent and the owner of the property, and not a contract between the owner and the prospective purchaser. If the agent had produced a purchaser who was ready, willing, and able to pay cash, or had produced a purchaser who was willing to pay a portion cash and the balance subject to a loan by a designated or named homestead, such a contract would have been valid and enforceable. Morrison vs. Mioton et al., 163 La. 1065, 113 So. 456.

For the reasons assigned, we are of the opinion that the judgment of the lower court is correct, and it is therefore affirmed.