Argued January 15; affirmed February 2, 1932

TORREY & DEAN, INC., *v.* COYLE ET AL.

(7 P. (2d) 561)

*Allen H. McCurtain,* of Portland (Donald E. Long, of Portland, on the brief), for appellant.

*John J. Beckman,* of Portland, for respondents.

BELT, J. This is an action to recover a real estate broker's commission. From a verdict and judgment in favor of defendants, the plaintiff appeals, assigning as error (1) the refusal of the court to direct a verdict in its favor, and (2) the giving of certain instructions.

The first assignment of error presents the question as to whether there was any issue of fact to be sub-

mitted to the jury. It appears from the uncontradicted evidence that the defendants, who were building contractors, gave to the plaintiff the exclusive right to sell two houses which they proposed to erect, one of which is the subject of this controversy. Such authorization of agency is evidenced by a written contract, executed on October 19, 1929, which, so far as material herein provides:

"I hereby give you the exclusive right to sell the two homes I am about to erect on parts of lots 2, 3 & 4, Block 3, Ardmore, City for the period from date hereof up to and including sixty days after completion of said houses, at prices to be fixed by me on or before 30 days from date hereof. And I agree to pay you a commission on such sales of 5% of amount of actual purchase prices of said property.

"It is understood that you will so soon as said houses are advanced far enough to show, keep them advertised and work on them and will put up conspicuous signs in front of said properties.

"It is understood that the terms of purchase are to be satisfactory to me."

The plaintiff alleges and shows that, as a real estate broker, it entered into performance of the contract by showing the dwelling to numerous prospective purchasers and by advertising the property for sale in two of the daily papers of the city of Portland, until informed, on or about November 10, 1929, that the defendants had sold it. Also, the plaintiff, in keeping with the terms of the contract, erected a conspicuous sign in front of the property, advertising it for sale. It is conceded, however, that plaintiff never at any time procured a purchaser who was ready, able, and willing to buy the house for the agreed price of $12,000; in fact, the plaintiff never secured any binding offer to buy it at any price. The deed to the property was executed by the defendants on November 25,

1929. Plaintiff claims that, while the record title was taken in the name of Mrs. White, the purchase was really made by one of its customers, a Mrs. Dixon, to whom the plaintiff had previously shown the property. In this sale, at a price of $10,425, the purchaser agreed to install and pay for the furnace.

Plaintiff's "exclusive right to sell" extended 60 days after the completion of the house. Work on the house stopped in August, 1929. If at such time the house was completed within the meaning of the contract, it is clear that the agency had terminated by lapse of time and that the defendants had the right to sell the house without liability for broker's commission. If, however, when the defendants sold the house, 60 days had not elapsed after its completion, then the contract of agency was breached and plaintiffs would be entitled to damages.

██ While the authorities are in conflict (see cases listed in notes 10 A. L. R. 816 and 20 A. L. R. 1270) we think the better rule precludes the owner from selling the property within the contract period where an "exclusive right," as distinguished from an "exclusive agency," has been conferred upon another person. An "exclusive agency" means that the owner will not sell through any other agency: *Miller v. Woodward,* 234 Ky. 631 (28 S. W. (2d) 961); *Snook v. Page,* 29 Cal. App. 246 (155 P. 107); *Hall v. King,* 100 Cal. App. 70 (279 P. 814); *Schultz v. Griffin,* 5 Misc. Rep. 499 (26 N. Y. S. 713); *Gaillard Realty Company v. Rogers Wire Works,* 215 App. Div. 326 (213 N. Y. S. 616); *Donahue v. Reiner Co.,* 46 R. I. 302 (127 Atl. 359); *French v. Love,* (Tex. Civ. App.) 281 S. W. 301; *Harvey v. Sehrt,* 12 La. App. 583 (126 So. 568); *Harris v. McPherson,* 97 Conn. 164 (115 Atl. 723, 24 A. L. R. 1530).

■ The real controversy in this case is as to the time when the house in question was completed. Plaintiffs contend that it appears from the uncontradicted testimony that the house was not completed at the time it was sold to the Dixons in November, 1929, and that the court should have so instructed as a matter of law. Plaintiff Torrey testified that when he examined the house on the 11th day of November, 1929, he "found no toilets, no wash basins, no electric light fixtures, no laundry tubs, no faucets, even in the sink or anywhere, no window shades," and that the plumbing was not connected with the "toilets, laundry trays, etc." It appears, however, without contradiction, that the house was completely wired ready for the installation of fixtures and that the plumbing was in such condition as to be used when the fixtures were attached. Defendants claim that the house was substantially finished in August, 1929, and that the fixtures, window shades, and furnace were not installed in order that the purchaser might be given the opportunity of selecting the same. It will be recalled that the defendant building contractors erected this house for the purpose of sale. It appears from the testimony of the defendant Coyle that the walls were papered and tinted, that the hardwood floors were finished and waxed and the shrubbery planted so that the house was ready for occupancy as soon as the purchaser had made his choice as to the things which were omitted. He said that, as soon as the house was completed in August, 1929, he told Torrey & Dean that "the house was ready to work on and that the things were ready to be placed in after the house was sold, at the owner's choice." Coyle said that, on November 5, 1929, he notified them that the exclusive agency was terminated. The trial court adopted the theory of plaintiff and instructed the jury

that "a house is completed when it is ready for occupancy as a dwelling." In our opinion whether the house was completed within the meaning and contemplation of the parties to the contract was a question of fact for the jury. The instruction of the court was more favorable to the plaintiff than was warranted by the law applicable to the facts in this case. Furthermore, we think there was an issue of fact to submit to the jury as to whether the plaintiff exercised reasonable diligence in advertising the property for sale. Under this state of the record, plaintiff clearly would not be entitled to a directed verdict.

■ Exception is taken to the giving of the following instruction:

"You are instructed that where there is no fraud or bad faith on the part of the owner and a sale is not made within the broker's exclusive-right-to-sell-period, the owner, after the expiration of such exclusive right to sell period, may contract with a customer, introduced by the broker within the period for performance, either upon the same terms or upon others more or less favorable than those the broker was authorized to offer, without incurring any liability to compensate such broker for his services."

It is true that there was no issue of fraud in the pleadings, but we fail to see how the plaintiff was injured by such instruction. Defendants might have good reason to complain. Eliminating the element of fraud, the above instruction was in keeping with the law as declared by this court in *Anderson v. Wallowa National Bank,* 100 Or. 679 (198 P. 560).

Finding no legal justification for disturbing the finding of the jury, it follows that the judgment of the lower court is affirmed.

BEAN, C. J., and BROWN, J., concur.

CAMPBELL, J., concurs in the result.