Argued and submitted October 3, 1988, affirmed May 10, reconsideration denied
June 16, petition for review allowed August 1, 1989 (308 Or 197)

**DITOMMASO REALTY, INC.,**
dba Century 21/DiTommasso Realty,
*Respondent,*

*v.*

**MOAK MOTORCYCLES, INC.,**
*Appellant.*

(86-6-84; CA A45797)

773 P2d 391

David W. Dardano, Portland, argued the cause for appellant. With him on the brief was Dardano & Mowry, P.C., Portland.

Tony Pizzuti, Canby, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

Buttler, P. J., dissenting.

**WARREN, J.**

Defendant appeals a judgment awarding plaintiff, a real estate broker, liquidated damages pursuant to a clause in an exclusive listing agreement that provided for payment of a broker's fee if defendant sold the property. The only issue is whether that clause is an enforceable liquidated damages provision. We conclude that it is and affirm.

In 1982, the parties executed a listing agreement for the sale of property owned by defendant. That agreement was renewed twice. In August, 1985, they executed a new exclusive listing agreement, which provided, in part:

> "For value received, you are hereby employed and given the exclusive right to sell or exchange the above described property[.] * * * In the event that [plaintiff], or any other broker cooperating with [it], find a buyer ready and willing to purchase said property for said sale and terms or such other price and terms as I may accept, or in the event of any sale, contract to sell or exchange or conveyance of said property by [defendant] during the life of this contract * * *, I hereby agree to pay you in cash for your services in connection with this contract a fee equal in amount to ten % of the selling price of the property[.]"

The listing price was $450,000, and the agreement was to expire in July, 1986.

In late 1985, William Moak, the owner of all of the outstanding stock of defendant, agreed to sell the stock to a third party. The agreement was later changed with defendant agreeing to sell the corporate assets, including the land, rather than the stock. In February, 1986, defendant conveyed the property by a warranty deed that stated that the consideration for the property was $398,449. After defendant refused to pay the commission, plaintiff brought this action.

The case was tried to the court, which treated the provision as a valid liquidated damages clause and awarded plaintiff $39,844.90, ten percent of the consideration recited in the deed. It found that defendant's purported failure to read the "fine print" did not relieve it from the terms of the agreement. It also made these factual findings:

> "3. The provision of the Listing Agreement * * * providing for payment of a real estate commission under these circumstances is reasonable in that it:

"a.   Sets damages in an amount equal to the commission plaintiff would have earned if the exclusive Listing Agreement had been honored by defendant; and

"b.   In the absence of such a provision plaintiff's actual damages would be difficult to establish."

Defendant contends that the trial court erred in concluding that the fee agreement is an enforceable liquidated damages provision and argues that it is voidable as a penalty. It challenges the trial court's finding that the fee is reasonable, contending that a contrary finding is supported by Moak's testimony that the parties never discussed the issue of liquidated damages, that plaintiff never produced a buyer for the property during the four years that it had the listing and that plaintiff's advertising and other operational expenses were minimal.

■      If the provision is enforceable, defendant is bound by it, even if Moak did not read the agreement. *See Knappenberger v. Cascade Ins. Co.,* 259 Or 392, 398, 487 P2d 80 (1971). The first question is whether this case presents a liquidated damages issue. We conclude that it does, because the clause "set[s] the amount of damages to be recovered by one party from another in case of the latter's failure to perform as agreed." *Illingworth v. Bushong,* 297 Or 675, 681, 688 P2d 379 (1983); *see Foster v. Peterson,* 42 Or App 249, 600 P2d 490 (1979).

The Supreme Court has held that ORS 72.7180(1)[1] is the initial point of departure for analyzing the validity of a provision for liquidated damages. *Illingworth v. Bushong, supra,* 297 Or at 692. That statute requires that the amount must be reasonable in light of (1) the anticipated or actual harm that will be caused by a breach, (2) the difficulties of proof of loss and (3) the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy. It also provides that a term fixing unreasonably large liquidated damages is void as a penalty. ORS 72.7180(1).

---

[1] ORS 72.7180(1) provides:

"Damages for breach by either party may be liquidated in the agreement but only at an amount which is reasonable in the light of the anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy. A term fixing unreasonably large liquidated damages is void as a penalty."

■        The trial court's findings address those elements. Even if there is evidence to support a contrary finding, we must accept its findings, unless we can say that there is no evidence to support them. As in *Illingworth v. Bushong, supra,* it is unnecessary for us to construe the text of ORS 72.7180(1), because we find that there is evidence to support the trial court's findings. 297 Or at 694.

With respect to the first requirement, the trial court found that the fee was reasonable, because it was equal to the commission that plaintiff would have earned if the agreement had been honored by defendant. That finding addresses the reasonable forecast of harm that would be caused by defendant's breach, and it is supported by the terms of the agreement. It also supports the conclusion that the stipulation for damages is not unreasonably large and, therefore, not void as a penalty.

The trial court also found that the damage provision was reasonable, because plaintiff's actual damages would have been difficult to establish in its absence. That finding addresses the second and third requirements of ORS 72.7180(1).[2] The difficulty and expense of proving actual damages may justify the use of a liquidated damage provision. *See* Hawkland, *supra* n 2. Plaintiff testified that, with monthly expenses of $12,000 to $20,000, it was virtually impossible to break down the costs for each listing. Operational expenses are not the only damages sustained by a real estate broker when property is sold by an owner. A broker is also deprived of his opportunity to effect a sale and receive compensation for it. *Larson-Hegstrom & Associates v. Jeffries,* 145 Ariz 329, 334, 701 P2d 587 (1985). In the absence of a stipulated fee, it would have been difficult to prove the operational expenses attributable to the property and the value of plaintiff's lost opportunity. The finding that the fee is reasonable in light of those difficulties of proof is supported by the evidence.

The trial court did not err in holding that the fee agreement is a valid liquidated damages provision.[3]

---

[2] The third requirement of ORS 72.7180(1) is said to be merely another way of phrasing the second requirement. *See* Hawkland, *A Transactional Guide to the Uniform Commercial Code* 171 (1964).

[3] Defendant's other assignments of error are without merit.

Affirmed.

**BUTTLER, P. J.,** dissenting.

The majority concludes that the contract provision in question is a liquidated damage clause, relying on decisions of the Supreme Court and this court. I agree that those decisions appear to require that conclusion.

However, if we were writing on a clean slate, I would hold that the provision is a straightforward one that provides that plaintiff will be paid a commission if the property is sold during the stated period, regardless of whether plaintiff is instrumental in the sale. The provision does not even purport to provide for *damages* in the event of a breach, and there has been no breach to which a liquidated damage provision could apply. *But see Dean Vincent, Inc. v. McDonough,* 281 Or 239, 574 P2d 1096 (1978); *Wright v. Schutt Construction,* 262 Or 619, 500 P2d 1045 (1975); *Foster v. Peterson,* 42 Or App 249, 600 P2d 490 (1979). As I view it, plaintiff is entitled to its commission because the property was sold during the exclusive listing period, not because defendant breached the agreement to plaintiff's damage.

However, treating the contract as one providing for liquidated damages, as we must, plaintiff has not met the legal requirements to sustain that kind of provision. Liquidated damage clauses have a legitimate place in contracts, but the circumstances in which they are legitimate are quite limited. To begin with, the damages to be sustained in the event of a breach must not be readily ascertainable at the time the contract is made; secondly, the parties must have made a genuine effort to forecast the damages that would occur as the result of a breach. *Illingworth v. Bushong,* 297 Or 675, 688 P2d 379 (1984). Here, there is no evidence that the parties made a genuine effort to make a reasonable forecast of damages that would result from a breach. The contract is on a printed form and appears to be one of adhesion. There is no evidence that the parties discussed the provision. Defendant testified that he did not even read it. Given the record, it is not surprising that the trial court did not find that the parties made a genuine pre-estimate of damages; it found only that the provision "is reasonable." That is not sufficient. *Illingworth v. Bushong, supra.*

Although I agree that plaintiff is entitled to be paid the commission that defendant agreed to pay it, I do not agree that the provision is a valid one for liquidated damages. Because this court may not unscramble the eggs of higher authority, we are obliged to treat the case as one for liquidated damages.

The result is a conundrum: Plaintiff should recover under the plain terms of the contract provision but, viewing that provision as a liquidated damage clause, plaintiff has not established the essential prerequisites to the validity of such provision.

Accordingly, I would reverse.