Argued and submitted October 31, 1989, the decision of the Court of Appeals and judgment of the circuit court affirmed January 11, 1990

## DITOMMASO REALTY, INC.,
dba Century 21/DiTommasso Realty,
*Respondent on Review,*

*v.*

## MOAK MOTORCYCLES, INC.,
*Petitioner on Review.*

(CC 86-6-84; CA A45797; SC S36225)

785 P2d 343

David W. Dardano, Portland, argued the cause and filed the petition for petitioner on review.

Tony Pizzuti, Canby, argued the cause and filed a response to the petition for respondent on review.

Ray W. Shaw, of Heltzel, Upjohn, Shaw, Williams & Yandell, Salem, filed a brief on behalf of *amicus curiae* Oregon Association of Realtors.

Gile R. Downes, of Schulte, Anderson, DeFrancq, Downes & Carter, P.C., Portland, filed a brief on behalf of *amicus curiae* Multiple Brokers, Inc.

JONES, J.

Peterson, C. J., filed a specially concurring opinion in which Fadeley, J., joined.

## JONES, J.

The issue in this case is whether a contractual clause, providing that a real estate broker shall receive 10 percent of the selling price no matter who actually sells the property, was an unenforceable liquidated damages provision. We hold that the provision was not for liquidated damages but was an independent, valid contractual promise.

Plaintiff sought recovery for a contract debt, not for liquidated damages. Defendant claimed that the clause in dispute in the real estate contract was for liquidated damages. Defendant appealed a judgment awarding plaintiff, a real estate broker, damages pursuant to the clause in an exclusive listing agreement that provided for payment of a broker's fee if defendant sold the property. The Court of Appeals read the clause as an enforceable liquidated damages provision and affirmed the judgment of the trial court. *DiTommaso Realty, Inc. v. Moak Motorcycles, Inc.,* 96 Or App 431, 773 P2d 391 (1989). We affirm the decision of the Court of Appeals, but for different reasons.

Simply stated, the parties agreed

(1)  to an exclusive real estate listing;

(2)  for a specific period of time;

(3)  for a specific price; and

(4)  if anyone sold the property within that period of time, the payment of 10 percent of the selling price to the broker.

The provision in question[1] calls for a sales commission of 10 percent of the sales price, *inter alia,* "in the event of

---

[1] "For value received, you are hereby employed and given the exclusive right to sell or exchange the above described property at the price and terms stated above. * * * In the event that you, or any other broker cooperating with you, find a buyer ready and willing to purchase said property for said sale and terms or such other price and terms as I may accept, *or in the event of any sale,* contract to sell or exchange or conveyance of said property *by me during the life of this contract* or any renewal or extension thereof, or that you place me in touch with a buyer to whom at any time within ninety days after the termination of this contract or renewal or extension thereof I may sell, contract to sell or exchange or convey said property, or if you are the procuring cause of said sale, exchange or conveyance, *I* hereby *agree to pay you* in cash for your services in connection with this contract a fee equal in amount to *TEN % of the selling price of the property,* but in no case less than $ _N/A_ ." (Emphasis added.)

any sale, contract to sell or exchange or conveyance of said property by [seller] during the life of this contract or renewal or extension thereof." We conclude that this contract involves an exclusive sales agreement between the real estate broker and the seller and that the clause in dispute is not a liquidated damages clause, but rather a clause which is enforceable in an action for a debt owed under the contract.

Some prior opinions have treated clauses similar to the one at issue here as liquidated damages provisions. In *Dean Vincent v. Chef Joe's,* 273 Or 814, 816, 541 P2d 469, 544 P2d 146, *reh den* 273 Or 820, 544 P2d 146 (1975), involved an exclusive listing agreement which provided in part:

> " 'In the event said property is sold, leased or exchanged during the period of this contract, or [Broker] procures a purchaser ready, able and willing to purchase at the terms above specified, or places the Owner in touch with a purchaser to whom at any time within 180 days from the termination of the exclusive character of this contract the Owner sells or conveys said property, or if the Owner during the period of this contract withdraws the authority hereby given, the Owner shall pay [Broker] the same fee as hereinabove specified * * *.' "

During the listing period, the seller entered into an earnest money agreement with a party procured by another broker. The broker claimed he was entitled to "a commission because of the terms of the exclusive listing agreement." 273 Or at 816. This court addressed whether "the clause requiring the [broker] to be paid its commission if the property is sold during the exclusive period constitutes a penalty [or] a *valid* provision for liquidated damages." 273 Or at 819 (emphasis added). The court, however, proceeded with this analysis without first determining whether in fact the exclusive listing agreement *constituted* a liquidated damages provision.

*Dean Vincent, Inc. v. McDonough,* 281 Or 239, 574 P2d 1096 (1978) (questioned in *Illingworth v. Bushong,* 297 Or 675, 688 P2d 379 (1984)), involved the identical provision quoted from *Dean Vincent v. Chef Joe's, supra.* The broker brought an action "for damages for breach of a listing agreement by the owners of business property * * * who withdrew [the broker's] authority to sell that property, in violation of

the terms of that agreement."[2] 281 Or at 241. This court, without first analyzing whether the contractual language at issue *was* a liquidated damages provision, determined whether a jury could have properly found that the clause at issue was a *valid* liquidated damages provision. Similarly, in *Dean Vincent, Inc. v. Krimm*, 285 Or 439, 591 P2d 740 (1979) (questioned in *Illingworth v. Bushong, supra*), the court did not address whether the contract clause at issue *constituted* a liquidated damages provision. In the case before us, the owner did not withdraw the authority of the broker to sell the property and there is no clause in the contract covering such an action.

In *Wright v. Schutt Construction*, 262 Or 619, 620, 500 P2d 1045 (1972) (questioned in *Illingworth v. Bushong, supra*), the seller terminated an exclusive listing agreement prior to its expiration. The broker sought

> "to enforce a provision in an exclusive listing agreement to the effect that in the event the owner of the listed property withdrew the authority of the broker to sell the property the owner agreed 'to pay [the broker] the said commission just the same as if a sale had actually been consummated by [the broker].' "

This court held that the provision was a penalty, again without addressing whether the clause at issue *was* a liquidated damages provision.

Two other liquidated damages cases are worth mentioning. *Medak v. Hekimian*, 241 Or 38, 404 P2d 203 (1965) (questioned in *Illingworth v. Bushong, supra*), involved a construction/rental contract. The contract "provided that in the event defendants did not construct the building defendants would pay plaintiffs $5,000 as liquidated damages for their failure to perform." 241 Or at 41. Defendants failed to erect the building as agreed, and plaintiffs brought suit "to recover the $5,000 provided as liquidated damages for the contract's breach." *Id.* This court analyzed whether the contract clause at issue was a penalty or a valid liquidated damages provision. This court, however, did not address whether, despite any

---

[2] Plaintiff pleaded the cause in two counts, the first to enforce the liquidated damages clause of $17,500, and the second to recover actual damages, also alleged to be $17,500.

labels used in the contract, the provision *constituted* a liquidated damages provision.

The Court of Appeals relied on the case of *Illingworth v. Bushong,* 297 Or 675, 688 P2d 379 (1984), in reaching its decision on the basis of liquidated damages. In *Illingworth,* the purchaser brought an action to recover his earnest money deposit which the seller had retained pursuant to a forfeiture clause in an earnest money agreement. This court reviewed a number of prior cases which addressed the distinction between a valid liquidated damages provision and a penalty. This court then announced the rules for future cases for "analyzing the validity of provisions for liquidated damages in contracts in general." 297 Or at 692. This court also described in general terms what *constitutes* a liquidated damages provision — "words of a contract that set the amount of damages to be recovered by one party from another in case of the latter's failure to perform as agreed." 297 Or at 681. Although this court affirmed the trial court's ruling that the contract provision at issue was a penalty, this court did not address whether the contract clause *was* in fact a liquidated damages provision.

The foregoing cases made the mistake of putting the cart before the horse. Before determining whether a contract clause is a *valid* liquidated damages provision, a preliminary question must be resolved — whether the clause is in fact a liquidated damages provision. There is no need to reach the former question if the latter question is answered negatively.

*Wright v. Schutt Construction, supra,* merits further discussion because it is particularly relevant to the disposition of the instant case. In *Wright* the broker specifically argued, *inter alia,* that

> "the trial court erred 'in denying recovery for a debt due and owing,' upon the ground that 'this action was plead and tried as an action on a debt' and citing Baumgartner v. Meek, 126 Cal App 2d 505, 272 P2d 552 (1954), among other cases, in which recovery of a realtor's commission was affirmed without regard to the question whether it was a valid provision for liquidated damages or an invalid provision for a penalty." 262 Or at 632 n 6.

The court answered this contention:

> "As stated in Corbin, [Contracts] 337 § 1058, the terms used in the drafting of a contract may be of little significance in

determining whether a contract provision is one for liquidated damages or for a penalty. In this case, we agree with the finding of the trial court that, in actual effect, this contract provision imposed a penalty. We therefore decline to follow such cases as Baumgartner v. Meek, *supra.*" *Id.*

This statement is unresponsive to the broker's argument. Concluding that the "contract provision imposed a penalty" simply does not answer the broker's assertion that he was entitled to recover "without regard to the question whether [the clause] was a valid provision for liquidated damages or an invalid provision for a penalty." *Id.*

The *Wright* court erred because it failed to distinguish between two independent theories of recovery — (1) that an amount is due because a contract term has been satisfied, and (2) that liquidated damages are due because a breach has occurred. In the instant case, the lower courts repeated the error made in *Wright.*

Here, as mentioned, the real estate broker (plaintiff) pleaded the claim as a straight-out action on a debt — failure to pay in accordance with terms of the contract. The seller contended that the provision was a liquidated damages provision and constituted an illegal forfeiture penalty. The trial court held for the plaintiff but appeared to treat the provision as a liquidated damages clause. The majority of the Court of Appeals affirmed on the basis that the 10 percent commission was a valid liquidated damages provision. Judge Buttler dissented, stating that it was not a valid liquidated damages provision; but, if he were not bound by our decision in *Illingworth v. Bushong, supra,* he

"would hold that the provision is a straightforward one that provides that plaintiff will be paid a commission if the property is sold during the stated period, regardless of whether plaintiff is instrumental in the sale. The provision does not even purport to provide for *damages* in the event of a breach, and there has been no breach to which a liquidated damage provision could apply. As I view it, plaintiff is entitled to its commission because the property was sold during the exclusive listing period, not because defendant breached the agreement to plaintiff's damage." 96 Or App at 436 (Buttler, P. J., dissenting) (emphasis in original; citations omitted).

We agree with Judge Buttler's analysis that the provision is

not for liquidated damages, but for an action on a debt owed under the contract.

It is worth taking a moment to discuss *Torrey & Dean v. Coyle,* 138 Or 509, 7 P2d 561 (1932). In that case the contract provided in relevant part:

> " 'I hereby give you the exclusive right to sell the two homes I am about to erect on parts of lots 2, 3 & 4, Block 3, Ardmore, City for the period from date hereof up to and including sixty days after completion of said houses, at prices to be fixed by me on or before 30 days from date hereof. And I agree to pay you a commission on such sales of 5% of amount of actual purchase prices of said property.

> " 'It is understood that you will so soon as said houses are advanced far enough to show, keep them advertised and work on them and will put up conspicuous signs in front of said properties.

> " 'It is understood that the terms of purchase are to be satisfactory to me.' " 138 Or at 510.

Defendant building contractors themselves sold one of the houses subject to the contract, and the plaintiff real estate broker brought an action "to recover a real estate broker's commission." 138 Or at 509. The building contractors prevailed at the trial level, and the broker appealed arguing, *inter alia,* that the trial court erred by refusing to direct a verdict in its favor.

The court noted that "the better rule precludes the owner from selling the property within the contract period where an 'exclusive right [to sell]' * * * has been conferred upon another person." 138 Or at 511. The real controversy in the case, however, was the date of completion of the house. The court stated that if "when the defendants sold the house, 60 days had not elapsed after its completion, then the contract of agency was *breached* and plaintiffs would be entitled to *damages.*" 138 Or at 511 (emphasis added). The court held for the building contractors, stating that the record clearly showed that plaintiff would not be entitled to a directed verdict. 138 Or at 513.

*Torrey & Dean* is consistent with the instant case. Unlike the contract in this case, the contract in *Torrey & Dean* did not expressly provide that if the seller sold the house during the life of the contract, the broker would receive a fee.

Thus, if the sale of the house at issue in *Torrey & Dean* had occurred when the contract was in effect, the sale would have been in *breach* of the broker's "exclusive right to sell." In the instant case, however, defendant did not breach the contract by selling the property without plaintiff's assistance because the contract recognizes that right. The only breach is defendant's failure to pay the promised fee pursuant to the terms of the contract.

The Court of Appeals erred when it interpreted the 10 percent provision as a liquidated damages provision. Its analysis of cases such as *Illingworth v. Bushong, supra,* was unnecessary but did not lead to an erroneous conclusion. To the extent that prior opinions are inconsistent with this opinion, they are disapproved.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed on different grounds.

**PETERSON, C. J.,** specially concurring.

Heretofore, when contract provisions such as the contract provision before us were brought to Oregon courts for enforcement, and a party claimed that the provision was one calling for liquidated damages or a penalty, we examined the contract to determine whether the provision was one for liquidated damages or a penalty. If the provision was for a penalty, it was unenforceable. If it was for liquidated damages, it was enforceable, provided the fixed amount was reasonable in the light of the harm sustained, the difficulties of proof and the inconvenience or nonfeasibility of other remedies. *Illingworth v. Bushong,* 297 Or 675, 692-93, 688 P2d 379 (1984).

Today's majority opinion gives Oregon a new rule: If a contract is not written in terms of what constitutes a breach, but simply contains a promise to pay a given amount if an event occurs, the claim will be enforced as a "debt," even though the "debt" is really compensation for loss, whether or not the "debt" is reasonable in light of the anticipated or actual harm, the difficulties of proof of loss, and the existence of an adequate remedy.

Concerning the contract provision at bar, the majority reaches these conclusions:

1. The contract gives the property owner the right to sell its property without the aid of the broker; therefore

2. The sale of said property by the owner does not breach the exclusive sales agreement; and therefore

3. The 10% to be paid to the broker upon sale by the owner is not a liquidated damage clause; rather, it is a debt, a sales commission that the broker has earned.

In attempting to distinguish cases in which this court has found liquidated damage provisions to exist under similar facts, the majority repeatedly states that in those cases "the court did not address whether the contract clause at issue constituted a liquidated damages provision" before testing the provisions' validity. This the majority recites, is "putting the cart before the horse." There is no uncertainty in those cases. The court believed the clauses to be liquidated damage clauses and treated them as liquidated damage clauses.

The majority explains that if the seller withdraws the broker's authority granted under the exclusive listing agreement, and the contract provides for payment equal to the commission, the broker is only being compensated for the work the broker has done, that there has been no breach that would trigger any liquidated damages provision. It distinguishes *Dean Vincent, Inc. v. Krimm* (questioned in *Illingworth v. Bushong,* 297 Or 675, 688 P2d 379 (1984)), 285 Or 439, 591 P2d 740 (1979); *Dean Vincent, Inc. v. McDonough,* 281 Or 239, 574 P2d 1096 (1978) (questioned in *Illingworth v. Bushong,* 297 Or 675, 688 P2d 379 (1984)); and *Dean Vincent, Inc. v. Chef Joe's,* 273 Or 814, 541 P2d 469, 544 P2d 146, *reh den* 273 Or 820, 544 P2d 146 (1975).

The majority also distinguishes *Wright v. Schutt Construction,* 262 Or 619, 500 P2d 1045 (1972) (questioned in *Illingworth v. Bushong,* 297 Or 675, 688 P2d 379 (1984)) saying,

"The *Wright* court erred because it failed to distinguish between two independent theories of recovery—(1) that an amount is due because a contract term has been satisfied, and (2) that liquidated damages are due because a breach has occurred. In the instant case, the lower courts repeated the error made in *Wright.*"

309 Or at 196. The fact is that in the fourth paragraph of the *Wright* opinion, the court states,

> "Plaintiff appeals, contending that the trial court erred in holding the 'stipulated sum' to be a penalty, *and also erred in denying recovery for a 'debt due and owing.'*" 262 Or at 621. (Emphasis added.)

The opinion then goes on for seven pages discussing the law relative to liquidated damages and ultimately held that the provision was a penalty "under the facts of this case." 262 Or at 632.

Concerning the plaintiff's claim in *Wright* that the trial court erred in denying recovery for a debt due and owing, the court did address the claim, directly and forthrightly. The entire quotation from page 632 is:

> "Plaintiff also contends that the trial court erred 'in denying recovery for a debt due and owing,' upon the ground that 'this action was plead and tried as an action on a debt' and citing *Baumgartner v. Meek,* 126 Cal App 2d 505, 272 P2d 552 (1954), among other cases, in which recovery of a realtor's commission was affirmed without regard to the question whether it was a valid provision for liquidated damages or an invalid provision for a penalty. As stated in 5 *Corbin, supra,* [5 Corbin, Contracts] 337, § 1058, the terms used in the drafting of a contract may be of little significance in determining whether a contract provision is one for liquidated damages or for a penalty. In this case, we agree with the finding of the trial court that, in actual effect, this contract provision imposed a penalty. We therefore decline to follow such cases as *Baumgartner v. Meek, supra.*"

262 Or at 632 n 6.

I respectfully ask, what contract obligation has the broker satisfied under the majority opinion? The broker's "best efforts" in selling the property? Does this include the situation where the seller revokes the broker's authority one day after entering into the agreement? An hour? Must the broker show that he or she made a few phone calls during that hour in his or her best efforts to sell the property? Or do we assume that within the hour following execution of the contract the broker has fully performed his or her contract obligation? The rule pronounced today, though workable and clear, does away with much well settled liquidated damages law. Its

practical effect will be to entirely do away with our caselaw concerning liquidated damages and penalties.

Let us look for just a moment at two significant rules set forth in the cases that the majority "distinguishes." The first rule is that "an agreement, made in advance of breach, fixing the damages therefor, is not enforceable as a contract" unless certain other matters are established. The "other matters" include these: The amount so fixed must be a reasonable forecast of just compensation. The other is that the harm caused by the breach is incapable or difficult of accurate estimation. This is the rule stated by this court in 1984 in *Illingworth v. Bushong, supra,* 297 Or at 683. It is also the rule set forth in the Second Restatement of Contracts § 339.

The second rule is that "[a]s a general rule, an agreed damages clause is unenforceable where the provision is designed only to secure performance of a contract, rather than preestimate the anticipated damages." *Layton Manufacturing v. Dulien Steel,* 277 Or 343, 346, 560 P2d 1058 (1977) (questioned in *Illingworth v. Bushong,* 297 Or 675, 688 P2d 379 (1984)). Whether a contract provision is designed essentially to operate as a penalty is still a question of law to be decided by the court. *Layton Manufacturing v. Dulien Steel, supra,* 277 Or at 346. A mere change of clothing does not change the person wearing them. A mere change in language should not prevent a court from looking at the provision for what it is.

Let me illustrate. Assume a real estate listing contract that states: If the owner sells the property during the term of the exclusive listing, the owner agrees to pay a penalty equal to the commission that the broker would earn if he or she sold the property. Under our precedents, that is unenforceable as a penalty.

Assume the same facts, except that the contract provides that if the owner sells the property during the term of the exclusive listing, the owner agrees to pay, as liquidated damages, an amount equal to the commission that the broker would earn if he or she sold the property. Under such a provision, the clause would be examined under the liquidated damage rules of *Illingworth.* The liquidated damage clause is enforceable "but only at an amount which is reasonable in the light of the anticipated or actual harm caused by the breach,

the difficulties of proof, and the inconvenience or non-feasibility of otherwise obtaining an adequate remedy." *Illingworth v. Bushong, supra,* 297 Or at 692-93.

Henceforth, if the contract uses neither the term "penalty" nor "liquidated damages," and simply provides that if the owner sells the property during the listing, the owner agrees to pay $x, that contract will be enforced without looking at whether the amount agreed upon is reasonable in light of the difficulties of proof of loss, or the adequacy of other remedies.

We stated in *Wright v. Schutt Construction, supra,* 262 Or at 632 n 6, that "the terms used in the drafting of a contract may be of little significance in determining whether a contract provision is one for liquidated damages or for a penalty." We looked at the "actual effect" of the contract. We should do the same here.

Suppose that a fruit marketing agent and a grower agree that the grower will pay the agent eight cents for each box of the grower's pears marketed by the agent and eight cents for each box of the grower's pears marketed by the grower itself. It is likely that the purpose of the latter clause is to compel the grower to market through the agent. Under the majority opinion, even if the latter clause exists only to secure performance of other parts of the contract, it is enforceable, so long as the words "penalty" or "liquidated damages" are not used. As stated earlier, such a rule is clear and workable; but it is inconsistent with the two significant rules stated in the cases that the majority now distinguishes.

Consider *Dairy Coop. Ass'n. v. Brandes Cry.,* 147 Or 488, 30 P2d 338 (1934). In that case, the defendant agreed to purchase its milk and cream requirements from the plaintiff. The contract contained a provision that if the defendant failed to do so, the defendant would pay liquidated damages "[of] 10% of the estimated price of the aggregate quantity of milk which the [defendant] would take in one year should he perform his contract * * *." This court refused to enforce the contract, saying that "said paragraph imposes nothing more than a penalty or forfeiture." 147 Or at 500-01.

Under the majority opinion, with but a slight change of wording to read — "If the Distributor purchases milk or

cream other than from the Association, it agrees to pay 10% of the cost of such milk or cream to the Association" — the above contract would be enforced according to the terms.

Under the majority opinion, so long as the agreement does not use the words "penalty" or "liquidated damages," and is not written in terms of prohibited conduct, the agreement will be enforced as "an independent, valid contractual promise" if the contract is written to provide that certain conduct gives rise to the right to payment. Henceforth, lawyers will be well advised not to write a contract using the terms "liquidated damages," or in terms of what conduct is prohibited, for such a contract will be subject to the carefully drawn liquidated damage rules of *Illingworth*. So long as the drafter uses language similar to that used in the case at bar, the contract will be enforceable, however unreasonable the damages.

The contract in this case appears to be a form contract used by a real estate multiple listing service. There may be some sophisticated sellers here and there who know the differences between a penalty, a liquidated damage clause and an "independent, valid contractual promise," and there may be sellers who have the bargaining power to negotiate a contract different from the standard form. But not many, I suspect.

The contract before us begins, "For value received, you are hereby employed and given the *exclusive* right to sell or exchange the above described property * * *." The essence of the contract is that the broker has an *exclusive* marketing agreement. If the owner decides to "breach" the contract by selling it himself or herself, the owner still pays. My disagreement is not that such contracts are illegal. But the transparency of the contract is clear. The "if-you-sell-it-yourself" clause is a liquidated damage clause. It should be so treated.

I would follow our precedents. My approach does not leave the broker without a remedy. The broker wins in this case because its proof meets the requirements of *Illingworth v. Bushong, supra.* We have seen generations of cases such as these, culminating with *Illingworth*. The majority effectively has trashed those cases.

The Court of Appeals majority had it right. I would affirm for the reasons stated by it.

Fadeley, J., joins in this specially concurring opinion.