Argued and submitted March 9, affirmed December 9, 1992, appellant's motion for reconsideration allowed by opinion February 17, 1993
See 118 Or App 304, 846 P2d 1205 (1993)

MARTIN BROS. SIGNS, INC.,
an Oregon corporation,
*Appellant,*

*v.*

William D. VICE,
also known as William D. Vice, Sr.,
and Merry Jo Vice,
doing business as Shop-Rite,
*Respondents.*

(A8905-02666; CA A67674)

843 P2d 510

Keith Rodman, Eugene, argued the cause and filed the briefs for appellant.

Robert E. Thomas, III, Portland, argued the cause for respondents. With him on the brief were Bradley S. Hahn and Bouneff, Chally & Jorgenson, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff sign company appeals from a judgment in its favor in this breach of contract action. ORS 19.010. It argues that the court erred in not awarding liquidated damages. We affirm.

Plaintiff manufactures, sells and leases signs. Defendants contracted with plaintiff for the manufacture and lease of two grocery store signs. Defendants paid a $550 deposit and signed a lease for 60 months at $350 per month, beginning on the day the signs were installed.

Defendants were unhappy with the installation and quality of the signs. They refused to pay rent and removed the signs. Plaintiff sued for breach of contract.

At trial, defendants argued that they had no obligation to pay rent, because the signs were never installed correctly and never worked properly. The trial judge issued a letter opinion, which reads, in part:

"I have studied the evidence and applicable law in this case and have concluded as follows:

"The parties did enter into a valid agreement in October, 1987, Ex. #1.

"* * * * *

"The installation was completed, substantially, by the end of Nov. 1987.

"* * * * *

"Plaintiff was aware that the signs were replaced by defendant in Dec. 1988.

"*In view of the foregoing, plaintiff is awarded judgment for rental of the signs at $350 per month from December 1, 1987 through December 31, 1988, a total of $4,550, plus interest as agreed by the parties in the contract, and attorney fees.*

"*The evidence and law in this case do not justify liquidated damages.*" (Emphasis supplied.)

Plaintiff argues that the trial court should have awarded liquidated damages.[1] It contends that, because the court found a valid contract and substantial performance, the

---

[1] Plaintiff asks for liquidated damages from May 12, 1989, to the end of the contract. It does not assign as error that the trial court did not award rent for December 31, 1988, to May 12, 1989.

damages provided for in the contract should have been awarded. The contract reads, in relevant part:

"7.   DEFAULT: In the event of default by Lessee, *eighty percent of the remaining rental shall be due Lessor* in accordance with Paragraph 17 on the reverse side hereof.

"'* * * * *

"17.   DEFAULT: If Lessee shall default in payment of the rental herein provided for, or in any other of Lessee's obligations under this Agreement, Lessor, at its option

"'* * * * *

"may, in addition to all other remedies under this Agreement or at law or equity terminate this Agreement. *In such event there shall immediately be due to Lessor all unpaid past due rentals through the date of termination plus a percent of the rentals, for the remaining term of this Agreement, as agreed upon in Paragraph 7, which amount Lessee agrees constitutes the actual liquidated damages Lessor shall sustain by Lessee's default hereunder and is not a penalty.* Lessee agrees to pay, in addition to all other sums found due, reasonable attorney's fees incurred by Lessor in enforcement of any of its remedies." (Emphasis supplied.)

Defendants contend that the ruling was correct. They argue that plaintiff is not entitled to recover liquidated damages because the clause, despite its language, is a penalty.[2]

In 1984, the Supreme Court completely overhauled Oregon law on liquidated damages. *Illingworth v. Bushong*, 297 Or 675, 688 P2d 379 (1984), clarified the standards for evaluating a contractually agreed damages clause, requiring that courts apply ORS 72.7180(1), instead of the other tests that had developed over the years. 297 Or at 691-92. The court disavowed all previous cases except to the extent that they were "of assistance in interpreting the text of ORS 72.7180(1)." 297 Or at 693.

■     Six years later, the court revisited the law of liquidated damages. In *DiTommaso Realty, Inc. v. Moak Motorcycles, Inc.*, 309 Or 190, 785 P2d 343 (1990), it again criticized previous decisions for failing to follow the proper analysis and

---

[2] Defendants make several other arguments in support of the court's ruling. All of them are without merit.

again disavowed all previous inconsistent opinions. The court cited numerous cases in which damage provisions were analyzed to determine whether they were valid liquidated damage provisions or penalties. The court then said:

> "The foregoing cases made the mistake of putting the cart before the horse. Before determining whether a contract clause is a *valid* liquidated damages provision, a preliminary question must be resolved — whether the clause is in fact a liquidated damages provision. There is no need to reach the former question if the latter question is answered negatively." 309 Or at 195. (Emphasis in original.)

In sum, a court faced with a challenge to an agreed-upon damages provision must go through a two-step analysis. First, it must determine *whether* the clause is a liquidated damages clause. Second, if it is, the court must examine the clause to determine if it is valid *or* is unenforceable as a penalty.

█    We need not address the first part of the analysis here, because, even if it provides for liquidated damages, the clause is a penalty. The trial court heard evidence about the signs, their installation, the number of people who serviced them, the terms of the contract, the length of time that the signs were used and the costs involved. The court found that the contract actually ran for 13 months from December 1, 1987, to December 31, 1988, and ordered defendants to pay rent for that period, plus attorney fees and interest. Under the express terms of the damages clause, defendants would have to pay an additional $13,160 plus 18% interest.[3] From the evidence, the court could have determined that that additional 80% was unreasonably large, and the clause is, therefore, void as imposing a penalty. *Illingworth v. Bushong, supra,* 297 Or at 692.

Affirmed.

---

[3] That figure assumes that the contract was terminated on December 31, 1988. Plaintiff has only asked for liquidated damages from May 12, 1989, to the end of the contract. Using those dates, defendants would have to pay $11,760 plus interest.