## MARTIN BROS. SIGNS, INC.,
an Oregon corporation,
*Appellant,*

*v.*

## William D. VICE,
also known as William D. Vice, Sr.,
and Merry Jo Vice,
doing business as Shop-Rite,
*Respondents.*

(A8905-02666; CA A67674)

846 P2d 1205

Keith Rodman, Eugene, for the motion.

No appearance *contra.*

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

PER CURIAM

---

* Leeson, J., *vice* Buttler, J., retired.

## PER CURIAM

Plaintiff sign company appealed from a judgment in its favor in a breach of contract action, assigning error to the trial court's failure to award liquidated damages. ORS 19.010. We affirmed. 117 Or App 84, 843 P2d 510 (1992). Plaintiff has now filed a motion for reconsideration. ORAP 9.15. We allow the motion, withdraw our opinion, reverse and remand.

In its appeal, plaintiff argued that the liquidated damages provided for in the contract should have been awarded. Although we found that the clause was a liquidated damages clause, we held that there was evidence from which the trial court could have concluded that the clause was unenforceable as a penalty. Accordingly, we affirmed the trial court's refusal to enforce the clause.

In its motion for reconsideration, plaintiff argues that we erred in refusing to enforce the damages clause because defendants never challenged its validity. Plaintiff is correct. A party seeking to avoid enforcement of an agreed-upon damages clause has the burden to plead and prove that the clause is invalid as a penalty. *Illingworth v. Bushong*, 297 Or 675, 688 P2d 379 (1984). Defendants did not meet this burden. Accordingly, the trial court erred when it failed to award the damages provided for in the liquidated damages clause.

Reconsideration allowed; opinion withdrawn; reversed and remanded for entry of an award of damages consistent with this opinion.