Argued and submitted April 15, reversed and remanded December 9, 1998

Laurence L. KESTERSON
and Mary K. Kesterson,
husband and wife,
and Pacific Coast Timber Company, Inc.,
an Oregon corporation,
*Appellants,*

*v.*

Patrick J. JUHL,
*Respondent.*

(960201042; CA A97376)

970 P2d 681

George M. Joseph, Judge pro tempore (Order on Defendant's Motion for Summary Judgment).

Frank L. Bearden, Judge (Judgment).

Richard W. Todd argued the cause for appellants. With him on the brief was Leo M. Schuman.

Thomas H. Anderson argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

LANDAU, P. J.

---

* Deits, C. J., *vice* Riggs, J., resigned.

## LANDAU, P. J.

Plaintiffs appeal a summary judgment dismissing their claims for breach of contract and declaratory judgment. The principal issue concerns the validity of a "loan fee" of $102,000 required in the event of untimely repayment of a $145,000 loan. Plaintiffs contend that the fee is an unenforceable liquidated damages provision. Defendant contends that it is a valid, if costly, fee for additional time to pay off the loan. The trial court held that the provision was enforceable as a matter of law. We disagree and reverse and remand.

The relevant facts are not in dispute. On January 24, 1995, the parties entered into a loan agreement. The terms of the loan agreement were expressed in a letter drafted by defendant. According to the agreement, defendant agreed to lend plaintiffs $145,000 in cash. Plaintiffs agreed to pay defendant $15,000 as a loan fee. Plaintiffs further agreed to pay defendant's attorney $15,000 for the preparation of the loan agreement. As security for the loan, plaintiffs provided defendant with a trust deed to property in Washington and a mortgage on property in Idaho. The value of the two properties substantially exceeded $145,000.

Plaintiffs agreed to pay off the loan within six months. Interest on the outstanding balance accrued at an annual rate of 22 percent. In the event that plaintiffs failed to repay the loan entirely within six months, they agreed to pay an "additional loan fee" of 20 percent of the gross sales price of each of the two properties pledged as security for the loan. In the loan agreement, defendant explained the purpose of that fee as follows:

> "As I have stated to you, a failure on your part to timely repay the loan will cause me significant financial hardship. Therefore, we have agreed that in the event you do not pay me in full on or before July 18, 1995, you will provide me, as an additional loan fee, the right to receive [20 percent of the gross sales price of the two properties]."

The agreement did not specify the nature of the "hardship" that defendant anticipated. There is evidence in the record, however, that defendant wanted to have the loan repaid no later than July so that it would be available to him during the

building season. As security for the obligation to pay the 20 percent, plaintiffs agreed to execute warranty deeds conveying the 20 percent interest in each of the two properties to defendant and deposit them with defendant's attorney, with instructions to record them if plaintiffs failed to repay the loan within the required six months.

Plaintiffs deposited the full repayment amount—$145,000 principal and $22,000 interest—into an escrow account for defendant. The money was not immediately released from escrow, however, apparently because of a construction lien. Defendant declared plaintiffs to be in breach and recorded the two warranty deeds. Meanwhile, the funds in escrow were released on September 15, 1995. In November 1995, plaintiffs sold the Idaho property for $450,000. Plaintiffs continue to own the Washington property, valued at $60,000. Defendant now claims a 20 percent interest in each, for a total of $102,000.

Plaintiffs initiated this action. They allege that defendant breached the loan agreement by recording the warranty deeds in spite of the fact that the full repayment had been deposited into escrow, because deposit into escrow constituted full performance. They also seek a declaration that, in any event, they are not obligated to pay the 20 percent "additional loan fee" for untimely repayment, because the fee constitutes an unlawful penalty. The trial court disagreed and entered summary judgment dismissing all claims.

On appeal, plaintiffs assert a single assignment of error: The trial court erred in dismissing the declaratory judgment claim as to the enforceability of the "additional loan fee." According to plaintiffs, the name given to a particular contract clause is not determinative of its legal significance. Plaintiffs argue that, in this case, the contract imposes a $102,000 penalty for untimely payment of the loan balance, which penalty bears no reasonable relationship to defendant's anticipated or actual harm. That, they argue, plainly and simply is an unlawful liquidated damages clause.

Defendant responds that the contract unambiguously provides for "different loan fees depending upon the length of the loan." According to defendant, the agreement

merely requires plaintiffs to pay the $102,000 in return for the privilege of paying off the loan in more than six months.

On review of the trial court's entry of summary judgment, we determine whether there are genuine issues of material fact and whether defendant was entitled to judgment as a matter of law. *Jones v. General Motors Corp.*, 325 Or 404, 408, 939 P2d 608 (1997). In this case, there are no disputes as to the material facts; the sole question is whether the disputed provision amounts to an unlawful liquidated damages clause as a matter of law.

■    Whether a contract contains an unlawful liquidated damages clause is determined by a two-step inquiry. First, we must determine whether the disputed clause actually is a liquidated damages clause. Second, if the disputed clause is a liquidated damages clause, we must determine whether it is imposed as an unlawful penalty. *DiTommaso Realty, Inc. v. Moak Motorcycles, Inc.*, 309 Or 190, 195, 785 P2d 343 (1990).

■■    We begin with the question whether the "additional loan fee" is a liquidated damages clause. A liquidated damages clause consists of "words of a contract that set the amount of damages to be recovered by one party from another in case of the latter's failure to perform as agreed." *DiTommaso*, 309 Or at 195 (quoting *Illingworth v. Bushong*, 297 Or 675, 681, 688 P2d 379 (1984)). It is to be distinguished from a clause that merely requires payment when a contract term has been satisfied, as, for example, when a contract provides for the payment of a fee to a broker when a home has been sold. *DiTommaso*, 309 Or at 195-96.

In this case, the loan agreement required repayment in full within six months. The loan agreement emphasized the importance of "timely" repayment, because of the potential for financial hardship to defendant. The agreement imposed the additional payment requirement in the event of "a failure on [plaintiffs'] part to timely repay the loan." Plainly and unambiguously, the fee was imposed as a consequence of plaintiffs' *failure* to perform as agreed, not as a consequence of the occurrence of a contract term. The contract provision calling for the payment of the fee on untimely repayment is a liquidated damages clause.

■       We turn, then, to the question whether it is an unlawful liquidated damages clause. In *Illingworth*, the Supreme Court held that the "initial point of departure" for analyzing the validity of a liquidated damages provision is ORS 72.7180(1), which provides:

> "Damages for breach by either party may be liquidated in the agreement but only at an amount which is reasonable in the light of the anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy. A term fixing unreasonably large liquidated damages is void as a penalty."

The court acknowledged that, strictly speaking, the statute applies only to contracts for the sale of goods. It nevertheless concluded that "we are unable to perceive any good reason for not using that same rule" in other cases. *Illingworth*, 297 Or at 692.

        In this case, there is no evidentiary basis for a conclusion that the $102,000 penalty for untimely repayment—in addition to the 22 percent interest accruing on the unpaid balance—was reasonable in light of the anticipated or actual harm. There is, in fact, no evidence as to defendant's actual or anticipated harm. The agreement recites that defendant would suffer "hardship" in the event of untimely repayment, but there is no evidence as to the nature or extent of that hardship. The only evidence in the record is that defendant wanted the money to be available during the building season. There is likewise no evidence as to the difficulty of proving loss to defendant or the inconvenience or nonfeasibility of obtaining an alternate remedy. We conclude that, on this record, there is no basis for a conclusion that the liquidated damages provision contained in the loan agreement was valid and enforceable. It follows that the trial court erred in entering summary judgment in favor of defendant on the declaratory judgment claim.

        Reversed and remanded.