**H. NAITO CORPORATION, An Oregon Corporation, Plaintiff—Appellee,**

v.

**QUEST ENTERTAINMENT VENTURES, LP, a Texas Limited Partnership; Q.E.V. Inc., a Texas corporation; Fleming Trust, a foreign entity, Defendants—Appellants.**

No. 01–16598.
D.C. No. CV–00–00506–AS.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2003.*

Decided March 20, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, FERNANDEZ and FISHER, Circuit Judges.

### MEMORANDUM**

Quest Entertainment Ventures, LP ("Quest") appeals the district court's grant of summary judgment in favor of H. Naito Corporation ("Naito") on its breach of lease action against Quest and the court's award of damages and attorney's fees to Naito. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Quest has not established a genuine issue of material fact as to whether Naito abandoned the lease. Under Oregon contract law, "all parties to the contract must assent to its rescission or abrogation, and there must be a meeting of the

minds." *McGrath v. Electrical Construction Co.*, 230 Or. 295, 364 P.2d 604, 609 (1961). Even given the deposition testimony of a Naito representative that "the lease was no longer valid in my mind" at the time of the October 21, 1999 meeting between Naito and Quest, the great weight of the evidence demonstrates that there was no agreement between the parties to abandon the lease. Naito continued to send past due notices to Quest throughout the period in question, and as late as January 11, 2000, Quest offered a possible "buy-out of the lease"—indicating that Quest believed that the lease was still operative at that time and that Naito intended to enforce it. This shows that there was no meeting of the minds between Naito and Quest to abandon the lease, and Quest has not submitted sufficient evidence to the contrary to create a triable issue of fact.

■ Quest has also failed to establish a triable issue of fact on its affirmative defense/counterclaim of fraud. Naito's statement that the Erickson Saloon would be "a real good place for a nightclub" does not support Quest's claim of fraud because the statement is an expression of opinion, rather than a statement of material fact. *See Miller v. Protrka*, 193 Or. 585, 238 P.2d 753, 758 (1951) ("The rule is well settled that mere general commendations of property which are the subjects of sale ... do not attain the status of fraudulent representations where the parties deal at arm's length, as here. Such statements usually are regarded as mere expressions of opinion on which a purchaser cannot safely rely." (internal citations omitted)).

Quest's representations about the importance of food sales to the process of obtaining a liquor license also do not prove fraud.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Naito did not intend that Quest would rely on the representation, as evidenced by Naito's referral of Quest to an attorney with experience in the liquor license application process. Moreover, Quest was not justified in relying on Naito's representations because prior to executing the lease, Quest had learned from its visit to the Oregon Liquor Control Commission that the process would be more complicated than Naito had indicated, and Quest knew from its conversations with attorney Jim Neill that Naito's statements were inaccurate well before the opt-out date of October 1, 1999. *See Coy v. Starling*, 53 Or. App. 76, 630 P.2d 1323, 1325 (1981) (listing the claimant's ignorance of the falsity of a misrepresentation as an element of fraud).

■ Quest waived any affirmative defense that Naito breached the lease by sending past due rent notices to Quest at the unoccupied Erickson Saloon, rather than at the address specified on the lease. Quest did not raise this claim in the district court until after the court had decided the issue of liability.

■ The district court properly found in favor of Naito on Quest's claim that Naito failed to mitigate its damages. The evidence shows that Naito made significant efforts to find a suitable tenant for the property, including placing signs in the window of the property, posting listings on commercial real estate databases, mailing brochures to over 100 restaurants and showing the property to at least seven viable tenants. There is no evidence in the record to support Quest's claim that Naito rejected suitable prospective tenants, and Quest has cited no authority in support of its argument that Naito was obligated to re-lease the property to Quest itself, when Quest was the party that caused the original breach and when Naito was aware that Quest had lost its financing for the proposed venture. Quest also failed to controvert Naito's evidence that it acted reasonably in not attempting to rent the parking lot separately from the Saloon. Thus there is no genuine issue of fact regarding Naito's mitigation of its damages.

■ Finally, Naito was entitled to summary judgment on Quest's claim that the late fee provision of the lease was an unreasonable liquidated damages clause. As the opponent of the liquidated damages clause, Quest had the burden of proving that the clause was unreasonable. *Illingworth v. Bushong*, 297 Or. 675, 688 P.2d 379, 388 (1984), *overruled on other grounds, DiTommaso Realty, Inc. v. Moak Motorcycles, Inc.*, 309 Or. 190, 785 P.2d 343, 345 (1990); *Zidell, Inc. v. Pacific Northern Marine Corp.*, 744 F.Supp. 982 (D.Or.1990). Quest presented no evidence that the late fee was unreasonable.

The judgment of the district court is **AFFIRMED**.